# ELKIN v. MEREDITH AND WIFE.

### December 18, 1837.

*Rule to show cause why the judgment should not be opened, and the sheriff's sale set aside.*

Where, on a judgment entered on a bond executed by a husband and wife, the real estate of the wife is sold, there being no fraud, misrepresentation, or irregularity in the manner of conducting the sale, the court on the application of the purchaser, set aside the sheriff's sale, open the judgment against the wife, on the ground that the sale does not vest a full and complete title in him to the property sold.

Except under special circumstances, the rule of *caveat emptor* applies to sheriff's sales.

A VENDITIONI exponas, issued in this case to term, 1837, on a judgment entered against the defendants, Meredith and his wife, by virtue of a warrant of attorney accompanying a bond executed by them. Meredith and his wife also executed a mortgage, to secure the debt named in the bond, of the wife's real estate. A levy was made on the same real estate on an execution issued on the judgment, and being condemned, the venditioni issued, and the sheriff thereon sold the real estate.

The purchaser at the sheriff's sale obtained this rule to show cause why the judgment against the wife should not be opened, on the ground that a bond and warrant of attorney, executed by a *feme covert*, not being under any appointment, trust, or settlement, was void; and, also, why the sheriff's sale should not be set aside, on the ground that the purchaser only would take a title to the husband's life-estate, when, in reality, he intended to purchase the whole fee.

*Macauley*, for the plaintiff, offered to the purchaser an assignment by plaintiff of the mortgage accompanying the bond.

HARVARD LAW SCHOOL LIBRARY

[Elkin v. Meredith and wife.]

*Emlen,* for a second mortgagee.

*Hirst,* for the purchaser, and for the rule.

PER CURIAM.—It is unnecessary that we should enter into a consideration as to what title the purchaser will take under this sale, but the broad question is presented whether the court, in its *discretion,* will interfere to set aside a sheriff's sale, on the ground that the purchaser will not obtain a complete title to the property under the sale, there being no pretence of *fraud* on the part of the parties, or *misrepresentation* or *irregularity* in conducting the sale on the part of the sheriff. The rule has always been, in such cases, that the sheriff sells whatever right, title, or interest the defendants may have in the land and nothing more, and his deed to the purchaser is, in substance, but a mere recital of the judgment and execution, and of his sale, unaccompanied by any warranty, special or general. If, under such circumstances, the court was to regard the applications of purchasers at sheriff's sales, whenever they might be dissatisfied with the title of the defendants, it would be continually occupied in trying the validity of titles to real estate on mere motions, an idea which has never been seriously entertained, and which, if carried into practice, would allow of favour to the purchaser on almost any ground of dissatisfaction with his bargain. Except under special circumstances, the rule of *caveat emptor* applies to a purchaser at sheriff's sale, and these not existing here, the court will not interfere. As to the judgment itself, we cannot see what right the purchaser has to ask to have it opened.

Rule discharged.[a]

[a] See Dorrance *v.* Scott, 3 *Whart. R.* 309.